**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, : : Plaintiff, : : v. : : BEVERLY ROBINSON-DOWNS, ALICE DOWNS, SOUTHERN MEMORIAL GARDENS, FORD ACCEPTANCE CORPORATION, HALL DAVIS & SON FUNERAL SERVICE, LTD AND C&J FINANCIAL, LLC, : : Defendants. : BEVERLY ROBINSON-DOWNS : : Third-Party Plaintiff : : v. : : SOUTHERN UNIVERSITY AND A&M COLLEGE, BETTY A. HODGE AND LESTER POURCIAU : : Third-Party Defendants. : | Civil Action No. 07-1917 (JAG)  **OPINION** |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motions of Third-Party Defendants Southern

University and A&M College, Betty A. Hodge and Lester Pourciau (collectively "Third-Party

1

Defendants"), to dismiss the Interpleader Complaint, filed by Plaintiff Prudential Insurance Company of America ("Prudential"), and the Third-Party Complaint.  Alternatively, Third-Party Defendants request that this matter be transferred to the Middle District of Louisiana.  For the reasons set forth below, Third-Party Defendants' motion to transfer this action is granted, and the motions to dismiss are denied, as moot.

## I. INTRODUCTION

On April 24, 2007, Prudential filed an Interpleader Complaint requesting that this Court identify the legally-entitled recipient of decedent Raymond Downs' life insurance policy. (Compl. ¶¶ 24-26.)  Raymond Downs ("Raymond") died on November 29, 2006 while employed by Southern University and A&M College ("Southern").  (Id. at ¶ 11.)  At the time of his death, Raymond was enrolled in the Group Life Insurance Benefits Plan (the "Plan"), a death benefits policy Prudential provided to qualified Southern employees and their family members.  (Id. at ¶¶ 10, 12.)  As a result of Raymond's enrollment in the Plan, and benefits amounting to $25,000, Defendants Beverly Robinson-Downs ("Beverly"), Alice Downs ("Alice"), Southern Memorial Gardens, Ford Acceptance Corporation, Hall Davis & Son Funeral Service, Ltd and C&J Financial, LLC each claim entitlement to all, or a portion, of the benefits.  (Id. at ¶¶ 18-23.)

## II. FACTUAL BACKGROUND

In 1965, Raymond Downs married Defendant Alice Downs.[1]  (Compl. ¶ 14.)   While married to Alice, Raymond "executed an Enrollment Form dated May 17, 2001 concerning the

---

[1] The Interpleader Complaint states that Alice is a resident of the State of Louisiana.  (Id. at ¶ 3.)  Alice denies this assertion, but does not provide her place of residence.  (See Def. Alice Downs' Answer ¶ 5.)  However, Prudential states, in its opposition to Third-Party Defendants' motion to dismiss, that currently Alice is a resident of Maryland.  (See Pl.'s Opp'n to Third-Party Defs.' Mot. to Dismiss 3.)

2

[P]lan benefits at issue." (Id. at ¶ 15.) Raymond listed Alice as the primary beneficiary of his life insurance benefits, and Kirsten Downs and Raymond Downs as contingent beneficiaries. (Id. at ¶ 15.) In 2002, Raymond divorced Alice, and subsequently married Defendant Beverly Robinson-Downs[2] in 2004. (Id. at ¶¶ 16-17; see also Compl. Exs. C and D.)

On November 30, 2006, Beverly, who claims entitlement to the full amount of the benefits, executed an assignment of life insurance benefits, in the amount of $5,416.10, to Defendant Southern Memorial Gardens.[3] (Id. at ¶ 21.) On the same date, Southern Memorial Gardens re-assigned its purported rights to Ford Acceptance Corporation.[4] (Id. at ¶ 22; see also Compl. Ex. F.) The next day, December 1, 2006, Beverly executed another irrevocable assignment of life insurance benefits, in the amount of $6,567.50, to Defendant Hall Davis & Son Funeral Service, Ltd.[5] (Id. at ¶¶ 18-19.) Hall Davis & Son Funeral Service, Ltd re-assigned its purported rights to Defendant C&J Financial, LLC[6] on the same date. (Id. at ¶ 20; see also Compl. Ex. E.)

On April 24, 2007, Prudential filed its Complaint (see generally Compl.), and Beverly filed her Answer, Affirmative Defenses, Cross-Claims, Counterclaim, Third-Party Complaint,

---

[2] Beverly is a resident of the State of Louisiana. (Id. at ¶ 2.)

[3] Southern Memorial Gardens is incorporated, and has its principal place of business, in Louisiana. (Id. at ¶ 4.)

[4] Ford Acceptance Corporation is incorporated, and has its principal place of business, in Louisiana. (Id. at ¶ 5.)

[5] Hall Davis & Son Funeral Service, Ltd. is incorporated, and has its principal place of business, in Louisiana. (Id. at ¶ 6.)

[6] C&J Financial, LLC is incorporated, and has its principal place of business, in Louisiana. (Id. at ¶ 7.)

and Jury Demand ("Third-Party Complaint") on August 20, 2007 (see generally Third-Party Compl.). The Third-Party Complaint alleges negligence, negligent misrepresentation, and breach of fiduciary duty against Third-Party Defendants Southern University and A&M College, Betty A. Hodges and Lester Porciau. (Third-Party Compl. ¶¶ 64-83.) Specifically, Beverly claims that Alice relinquished all rights to Raymond's property on January 13, 2003, pursuant to a Judgment of Partition of Community. (Id. at ¶ 13.) As a result of this Judgment, Beverly states that after she married Raymond, he "[] took the necessary measures to change the beneficiaries of the Life Insurance and Health Benefits Plan from his ex-wife and two children to [Beverly]". (Id. at ¶ 15.) Beverly claims that Raymond requested the necessary forms, and received and completed them. (Id. at ¶ 17.) On January 14, 2004, Raymond allegedly "submitted [the forms] to Third-Party Defendant Betty A. Hodges, a Southern University Human Resources Department employee." (Id.)

On January 4, 2008, Third-Party Defendants filed a motion to dismiss both the Interpleader Complaint and the Third-Party Complaint. Third-Party Defendants contend that the Third-Party Complaint should be dismissed because: (1) this Court, pursuant to FED. R. CIV. P. 12(b)(2),[7] cannot assert personal jurisdiction over them; and (2) they are entitled to Eleventh Amendment immunity. (Third-Party Defs.' Mot. to Dismiss 4.) In addition, they argue that the doctrine of *forum non conveniens* supports dismissal of both the Interpleader Complaint and the Third-Party Complaint.

Alternatively, Third-Party Defendants request that this matter be transferred to the Middle

---

[7] Third-Party Defendants do not cite a Federal Rule of Civil Procedure in support of this argument; however, this Court construes it to be a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(2).

District of Louisiana in Baton Rouge, Louisiana. (Third-Party Defs.' Reply Br. 1-3.) Third-Party Plaintiff Beverly Robinson-Downs consents to the transfer. (Third-Party Pl. Opp'n to Third-Party Defs.' Mot. to Dismiss 7-10.)

### III. STANDARD OF REVIEW

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Venue transfer under § 1404(a) is entirely within the discretion of the courts and involves an individualized, fact intensive consideration of all the relevant factors. Cadapult Graphic Sys. v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000). The movant bears the burden of proof that transfer is necessary. Shutte v. Armco Steel Corp., 431 F.2d 22 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971). However, the moving party is not required to show "truly compelling circumstances for . . . change . . . [of venue, but rather, that] all relevant things considered, the case would be better off transferred to another district." In re United States, 273 F.3d 380, 388 (3d Cir. 2001) (citing In re Balsimo, 68 F.3d 185, 186 (7th Cir. 1995)); see also Hoffer v. InfoSpace.com, Inc., 102 F. Supp. 2d 556, 572 (D.N.J. 2000).

In exercising their discretion, courts applying federal law have not limited their consideration to the three enumerated factors in § 1404(a) - the convenience of the parties, the witnesses, and the interests of justice - but, have considered a range of relevant factors to determine whether if, on balance, the litigation would more conveniently proceed and the interests of justice would be better served by transfer to a different forum. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). These factors include a series of public and private interests. Id. at 880. The private interests include: (1) the plaintiff's forum preference; (2) the

5

defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the location of books and records. The public interests include: (1) the enforceability of the judgment; (2) practical considerations in making the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879.

## IV.  DISCUSSION

Third-Party Defendants claim that dismissal of the Interpleader Complaint and Third-Party Complaint is warranted for a number of reasons, including lack of personal jurisdiction, Eleventh Amendment immunity, and the doctrine of *forum non conveniens*. Alternatively, they request that this Court transfer the matter to the Middle District of Louisiana. This Court grants the motion to transfer. Therefore, this Court need not resolve jurisdictional questions or the merits of this controversy. Lafferty v. Gito St. Riel, 495 F.3d 72, 80 (3d Cir. 2007) (stating that a transfer, pursuant to 28 U.S.C. § 1404, is available even when personal jurisdiction does not exist) (internal citation omitted); see also United States v. Berkowitz, 328 F.2d 358, 361 (3d Cir. 1964) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962) (stating that a district court has discretion to transfer a case, pursuant to 28 U.S.C. § 1404, even in the absence of personal jurisdiction)).

The threshold issue in a § 1404(a) motion to transfer is whether the proposed alternative forum is a venue where the action could have been brought. 28 U.S.C. § 1404(a).

In a civil action wherein jurisdiction is not founded solely on diversity of

>citizenship[, venue is proper in] (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

This Court finds that this action could have been brought in the Middle District of Louisiana.  Although it is unclear whether Defendant Alice Downs is a citizen of the State of Louisiana, it is clear that a substantial portion of the events giving rise to this dispute occurred in Louisiana.  For example, Raymond and Alice resided in Louisiana when he executed the Plan's Enrollment Form in 2001.  (Compl. ¶ 15.)  Raymond was employed by Southern, a university located in Louisiana.  (Id. at ¶ 11.)  After his divorce from Alice, Raymond married Beverly and resided in Louisiana.  (Id. at ¶¶ 16-17.)  Raymond allegedly submitted, to a Southern employee, a form indicating his desire to change his Plan beneficiary to Beverly.  (Third-Party Compl. ¶¶ 15, 17.)  Raymond continued his employment with Southern and maintained his enrollment in the Plan until the time of his death.  (Compl. ¶¶ 10, 12.)  The Interpleader Complaint and Third-Party Complaint could have been brought in the Middle District of Louisiana.

Next, this Court must consider the relevant factors to determine whether, if on balance, the litigation would proceed more conveniently, and whether the interests of justice would be better served, by transfer to a different forum.  <u>Jumara</u>, 55 F.3d at 879.  This Court will consider both private and public factors.

### 1. Private Factors

The private factors that a court may consider when determining if a transfer is warranted

include: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience to the parties and witnesses; and (5) the location of records, such that trial can be as easy, expeditious, and as inexpensive as possible. Jumara, 55 F.3d at 879. These factors weigh in favor of transferring this action to the Middle District of Louisiana.

First, the plaintiff's choice of forum is entitled to great deference, especially when the plaintiff chooses his or her home forum. Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D.N.J. 1998). However, deference to the plaintiff's choice of forum is not dispositive. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971); Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 450-51 (D.N.J. 1999). This Court must also consider the defendants' preference. Here, Plaintiff Prudential filed suit in the District of New Jersey, its home forum. Defendant Beverly, on the other hand, expresses a desire to have this matter litigated in the Middle District of Louisiana.[8] (Third-Party Pl. Opp'n to Third-Party Defs.' Mot. to Dismiss 7-10). Similarly, Third-Party Defendants state a preference for the Middle District of Louisiana. (Third-Party Defs.' Reply Br. 1-3.) This factor weighs in favor of transferring this case to the Middle District of Louisiana.

Second, this Court will consider where the claim arose. When the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight. Zokaites v. Land-Cellular Corp., 424 F. Supp. 2d 824, 840 (W.D. Pa. 2006); see also IBM Credit Corp. v. Definitive Computer Servs., Inc., No. 95-3927, 1996 U.S. Dist. LEXIS 2385, at * 6 (N.D. Cal.

---

[8] The remaining Defendants did not indicate a preference; however, this Court will infer a preference for the Middle District of Louisiana because four of the five remaining Defendants reside in Louisiana. (Compare Compl. ¶¶ 3-7 with Def. Alice Downs' Answer ¶ 5.)

Feb. 27, 1996) ("ordinarily, where the forum lacks any significant contact with the activities alleged in the complaint, plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum").

The facts underlying this cause of action arose in Louisiana. As stated above, Raymond and Alice resided in Louisiana when he executed the Plan's Enrollment Form in 2001. (Compl. ¶ 15.) After his divorce from Alice, Raymond married Beverly and resided in Louisiana. (Id. at ¶¶ 16-17.) At all relevant times, Raymond was employed by Southern and maintained active enrollment in the Plan. (Id. at ¶¶ 10, 12.) In addition, Raymond allegedly submitted completed forms to Third-Party Defendant Betty A. Hodge, a Southern employee, to remove Alice, and add Beverly, as his beneficiary. (Third-Party Compl. ¶¶ 15, 17.) It appears that the only connection to this forum is that Prudential is a citizen of, and has its principal place of business in, New Jersey. (Compl. ¶ 1.) This factor weighs in favor of transfer.

Third, courts consider whether the convenience of the parties and witnesses, and access to books and records support a transfer. The majority of the parties involved in this litigation are citizens of the State of Louisiana. (See Compl. ¶¶ 1-7; see also Def. Alice Downs' Answer ¶ 5.) In addition, the documents regarding Raymond's divorce from Alice, and marriage to Beverly, are maintained in Louisiana. (See Compl. Exs. C and D; see also Third-Party Defs.' Mot. to Dismiss 9-10.)

Finally, this action has been before this Court for a relatively short period of time and, "a transfer will not significantly disrupt the litigation or result in a waste of judicial resources." Zokaites, 424 F. Supp. 2d at 840. After considering the relevant private factors, this Court finds that the Middle District of Louisiana is convenient for the parties and potential witnesses, and

9

that Prudential will suffer no undue prejudice, if the litigation is transferred.

### 2. Public Factors

The relevant public factors that this Court will consider include: (1) the trial judge's familiarity with the applicable law; (2) the local interest in having a matter adjudicated at home; and (3) the burdens imposed on a jury. Jumara, 55 F.3d at 880. After analyzing these factors, this Court finds that a transfer to the Middle District of Louisiana is appropriate.

First, courts recognize "the desire to have [a] case tried before judges familiar with the applicable law." Tischio, 16 F. Supp. 2d at 526. In the case sub judice, it is likely that Louisiana law will govern. (Third-Party Defs.' Mot. to Dismiss 9 (stating that "[p]rincip[les] of local law and the divorce proceeding of Ms. Alice Downs in Louisiana will determine the outcome of this litigation."); see also Pl.'s Opp'n to Third-Party Defs.' Mot. to Dismiss 11 (stating that it is likely that Louisiana law may apply to all or a portion of the case).) While this Court is equipped to apply Louisiana statutory and common law to the matters before this Court, a court in the Middle District of Louisiana is more familiar with, and better positioned to apply, such law. Hoffer, 102 F. Supp. 2d at 576.

Second, when a substantial amount of the alleged culpable conduct occurred in the chosen forum, that court favors retaining jurisdiction as a matter of local interest. Hoffer v. InfoSpace.com, Inc., 102 F. Supp. 2d 556, 576 (D.N.J. 2000). However, a substantial portion of the facts giving rise to this dispute occurred in Louisiana, including the location of Raymond's employer, where he divorced and remarried, and where he executed and maintained enrollment in the Plan. (Compl. ¶¶ 10-17.) Louisiana has an inherent interest in adjudicating this matter, which involves a number of its own residents and arose within its jurisdiction.

Finally, courts consider the burden imposed on the community by litigation in the forum. Courts have held that the burden of jury duty "ought not to be imposed upon the people of a community which have no relation to the litigation." Hoffer, 102 F. Supp. 2d at 576 (citing Tischio, 16 F. Supp. 2d at 526). Although Prudential is a citizen of New Jersey, a majority of the Defendants and Third-Party Defendants are residents of Louisiana. Similarly, the activities giving rise to this litigation occurred in Louisiana; there is little connection to this forum. See Lucent Techs. v. DiCon Fiberoptics, Inc., No. 05-2534, 2006 U.S. Dist. LEXIS 58283, at *14-15 (D.N.J. Aug. 8, 2006) (favoring a transfer of venue where the relevant transactions giving rise to the claim occurred outside the forum, despite the plaintiff's choice of home forum).

The public interest factors weigh in favor of transferring this case to the Middle District of Louisiana.

## V.  CONCLUSION

For the reasons stated above, Third-Party Defendants' motion to transfer this action to the Middle District of Louisiana is granted, and the motions to dismiss are denied, as moot.


Date: August 18, 2008

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.